IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT JAMES CAMPBELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 4:14-cv-01241 |
| | § | |
| **BRAD LIVINGSTON,** *et al*. | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

The State of Texas is scheduled to execute Robert James Campbell on May 13, 2014. Campbell has filed a civil rights complaint under 42 U.S.C. § 1983 challenging Texas's method of carrying out his death sentence. (Doc. No. 1.) Campbell has moved for a preliminary injunction or a temporary restraining order to prevent the State from using its execution protocol until the State discloses more information about the chemical that it plans to use. (Doc. No. 3.) In resolving this motion, the Court has considered the pleadings and exhibits, the law, and the parties' arguments.

Texas has disclosed that it will execute Campbell by administering five grams of pentobarbital. The specific dose that it will use comes from the same batch of compounded pentobarbital that Texas used in its three most recent executions. Texas opposes disclosure, even under seal, of the identity of either the compounding pharmacy that produced the drug or the testing facility that evaluated its potency and purity.[1] Under applicable precedents, it appears that disclosure cannot be compelled. Campbell argues that "[t]hese actions (and inactions) accordingly have the effect of preventing [him], the public, and the Court from determining

---

[1] Plaintiff seeks a wide variety of additional information, all of which the State also refuses to disclose. (*See* Doc. No. 1 at 21.)

whether [his] execution by lethal injection will comport with the Eighth Amendment's prohibition against cruel and unusual punishment. By depriving [Campbell] of the means to determine whether his rights will be violated, Defendants are effectively nullifying those rights." (Doc. No. 1 at 21.)

Texas has executed seven inmates with compounded pentobarbital, including three with its current supply of the drug.[2] Inmates have unsuccessfully challenged those executions on grounds not significantly different from those Campbell raises here. As those cases discuss, federal law allows an inmate to advance an Eighth Amendment claim challenging the specific manner of his execution by lethal injection, but that claim may not rely on speculation alone, *see Baze v. Rees*, 553 U.S. 35 (2008). Troublingly, though, in sanctioning the State's refusal to disclose potentially relevant information, Fifth Circuit case law appears to leave the inmate with nothing but speculation on which to rely. *See Sells v. Livingston*, ___ F.3d ___, 2014 WL 1357039 (5th Cir. Apr. 7, 2014); *Sells v. Livingston*, ___ F. App'x ___, 2014 WL 1316339 (5th Cir. Apr. 2, 2014); *Whitaker v. Livingston*, 732 F.3d 465 (5th Cir. 2013); *Sepulvado v. Jindal*, 729 F.3d 413 (5th Cir. 2013). Nevertheless, under binding precedent, the Court must conclude that Campbell has not shown a likelihood of success on his constitutional claims, and his request for injunctive relief must be denied.[3]

The horrific narrative of Oklahoma's botched execution of Clayton Lockett on April 29, 2014 requires sober reflection on the manner in which this nation administers the ultimate punishment. While the law currently does not permit injunctive relief, this Court urges the Fifth

---

[2] The Court's analysis would be different "[i]f the State here were using a drug never before used or unheard of, whose efficiency or science was completely unknown." *Sells v. Livingston*, ___ F. App'x ___, 2014 WL 1316339, at *2 (5th Cir. Apr. 2, 2014).

[3] Separately, Plaintiff has not "show[n] that the risk is substantial when compared to the known and available alternatives." *Baze*, 553 U.S. at 61.

Circuit to reconsider its jurisprudence that seems to shield crucial elements of the execution process from open inquiry. As the law now stands, however, the Court must **DENY** Campbell's motion for injunctive relief. (Doc. No. 3.)

    **SIGNED** at Houston, Texas, on this ninth day of May, 2014.

                                    **KEITH P. ELLISON**
                                    **UNITED STATES DISTRICT COURT JUDGE**